# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TONY WOLFE, ROBERT DAVIS, ] | |
| JAMES BELK and ROBERT BARNES ] | |
|     Plaintiffs, ] | |
| ] | |
| v. ] | No. 3:11-0751 |
| ] | Judge Sharp |
| PAUL ALEXANDER, et al. ] | |
|     Defendants. ] | |

## O R D E R

The plaintiffs, William Keith, Robert Davis, Robert Barnes and James Belk, are inmates at the Deberry Special Needs Facility in Nashville. They have submitted a *pro se* complaint (Docket Entry No. 1) under 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Docket Entry No. 2).

The plaintiffs' pleadings are defective in three respects. First, a litigant proceeding *pro se* must sign each pleading. Rule 11(a), Fed.R.Civ.P. In this regard, the complaint bears only the signature of Tony Wolfe.

Secondly, each prisoner plaintiff seeking pauper status must submit an application to proceed in forma pauperis accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint". 28 U.S.C. § 1915(a)(2). In this case, only Tony Wolfe has submitted an application to proceed in forma pauperis which does not include the requisite certified six month statement from

the custodian of his inmate trust account.[1]

Finally, the complaint contains only claims applicable to Tony Wolfe and does not, for the most part, mention the remaining plaintiffs.

Accordingly, the plaintiffs are hereby GRANTED thirty (30) days from the date of entry of this order on the docket in which to 1) submit an amended complaint signed by all of the *pro se* plaintiffs that includes claims applicable to each of the plaintiffs; and 2) submit an application to proceed in forma pauperis from each of the plaintiffs that includes the requisite six month certified statement.

The plaintiffs are forewarned that, should they fail to timely comply with the instructions of the Court, the application to proceed in forma pauperis will be denied, the filing fee of three hundred fifty dollars ($350) will be assessed against them and collected from their inmate trust accounts, and some or all of the claims may be dismissed for failure to comply with the instructions of the Court and for want of prosecution. McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir.1997); Rule 41(b), Fed. R. Civ. P.

It is so ORDERED.

*Kevin H. Sharp*
―――――――――――――――
Kevin H. Sharp
United States District Judge

---

[1] Tony Wolfe did attach a statement of his inmate trust account. The statement, however, neither covered a six month period nor was it certified (notarized) as required by statute.