IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TONY WOLFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:11-0751 |
| | ) | JUDGE SHARP/KNOWLES |
| PAUL ALEXANDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Dismiss" filed by Defendants Clifford Woods, Julia Campbell, Tim McConnell, and Jewel Steele.[1] Defendants' Motion is based upon an argument that Plaintiff has failed to make allegations of personal involvement against Defendants McConnell, Campbell, and Steele. With regard to Defendant Woods, Defendants argue that the statute of limitations bars Plaintiff's claims against him.

Plaintiff's "Statement of Claim" set forth in his Complaint states in its entirety as follows:

> On 9/8/08 at approximately 10:15 a.m. in went to Dr. Paul
> Alexander for confirmation as to what I'm suppose to have as a
> (dialysis patient). Pertaining to commissary (Items). I was allowed
> purcash this "Commissary" from commissary. Only to have it
> conficated by Cpl. Clifford Woods. I was on punitive segragation.
> Upon confications there was an "memo" sent out. stating that, no
> (dialysis patient). can't buy, have or purcash (commissary food
> items) nor can we sign-off the (Moderified Diet) as (Dialysis
> Patients) per Dr. Paul Alexander M.D. Monique Taylor R.D.
> Deborah Johnson Asst. Warden, Ronald Colson Ex-D.W. Jennie

---

[1] According to the record, Defendant Steele is Warden of DSNF and successor to Dfendants Ronald Colson and Jennie Jobe. Docket No. 35.

> Jobe Deputy Warden. Mark King X-M.D. Tim McConnell M.D.
> Tia Moore P.A Julia Campbell cpl. Lois M. Deberry's (Special
> Needs Facility). Security staff and medical care team. has
> continued to violate our right to refuse medical treatment and/or
> Modified Diet. Also our rights to equality is being violated.
> Therefore we feel that as (Dialysis Patients) we are being singled-
> out and discriminated against, collectively. In our medical needs
> are being neglected.

Docket No. 1, p. 4-5.

The claims set forth in Plaintiff's Amended Complaint are essentially the same as those set forth in the original Complaint. The body of the Amended Complaint states as follows:

> On 9/8/2008 at approximately 10:15 a.m. Cpl Clifford Woods was
> observing commissary being passed out. Cpl. Woods then went to
> Dr. Paul Alexander for confirmation as to what we are supposed to
> have as a dialysis patient (pertaining to commissary items). We
> were allowed to purchase commissary, only to have it confiscated
> by Cpl. Woods (whom is not medical staff, nor a dietician).
>
> Upon commissary being confiscated and taken away (from only
> dialysis patients) there was a "memo" sent out (included in packet)
> stating that no dialysis patient can buy, have, or purchase food
> items from commissary. Nor can we sign off of the modified diet
> as dialysis patients. Per Dr. Alexander M.D. Monique Taylor R.D,
> Debra Johnson Assistant Warden, Ronald Coloson former deputy
> Warden, Jennie Jobe Warden, Mark King former M.D, Tim
> McConnell M.D., Tia Moore P.A., Julia Campbell Cpl, Deberry
> Special Needs Facility security staff, and medical care team has
> continued to violate our rights to refuse Medical Treatment, and/or
> modified diet.
>
> As a dialysis patient we have been singled out, and discriminated
> against. Our rights to equality are and have been violated,
> collectively. Our medical needs have been neglected. We had to
> go without a dietician which is a part of our dialysis treatment to
> have a dietician. Dialysis patients are entitled to have the same
> rights as any other inmate. We are singled out and harassed due to
> our illness.

Docket No. 11.

It is important to note that Plaintiff filed an "Opposition to Defendants' Motion to Dismiss." Docket No. 55. That Opposition contains a declaration under penalty of perjury, and it has been notarized. Docket No. 55, p. 6-7. That Opposition states in relevant part:

> 4. Defendants Alexander and Moore, acting as medical professionals, ordered the Plaintiff to be given a restricted diet, in spite of Plaintiff's explicit refusal;
>
> 5. For all times relevant to this action, there was no official, or unofficial, TDOC Policy or rule that prohibited dialysis patients from purchasing food items from the institutional commissary;
>
> 6. Defendant Alexander as medical treatment, ordered the further restriction of Plaintiff's diet by ordering TDOC officials to restrict the Plaintiff's priveleges (purchasing commissary food items);
>
> 7. Defendants Woods, Campbell, King, McConnell and Steele have clearly acted upon the direction of Defendant Alexander's Memo directing the restriction of Plaintiff's privileges.
>
> 8. Defendants Woods, Campbell, King, McConnell and Steele disregarded the established TDOC Policies on the restriction or denial of inmate privileges to enforce involuntary medical treatment upon the Plaintiff;
>
> . . .
>
> 10. The violation of the Plaintiff's right to refuse medical treatment is on-going and continuous; which does not trigger the statute of limitations;
>
> . . .
>
> 12. Defendants Woods, Campbell, King, McConnell and Steele failed to prevent the violation of the Plaintiff's right to refuse medical treatment, with the knowledge that the violation was about to occur and had the power to prevent it;
>
> 13. Defendants exceeded their authority, with full knowledge that they had no authority to force involuntary medical treatment upon the Plaintiff . . . .

Docket No. 55, p. 2-4.

Because the Court will consider the statements in Plaintiff's verified Opposition, the Court will treat the instant Motion as one for summary judgment, pursuant to Fed. R. Civ. P. 12(d).

The statute of limitations applicable to claims under § 1983 is one year. T.C.A. § 28-3-104. Additionally, a plaintiff pursuing a § 1983 claim must allege and prove that a defendant was personally involved in some manner in the alleged unconstitutional activity set out in the Complaint. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1983).

There are specific factual allegations in Plaintiff's Complaint and Amended Complaint relating to Officer Clifford Woods and Dr. Paul Alexander. Plaintiff alleges actions by Officer Woods that occurred more than three years ago. This claim is barred by the statute of limitations. Plaintiff, however, avers that the violation of his right to refuse medical treatment has been ongoing and continuous. Thus, any such violation of § 1983 that may have occurred within the year preceding the filing of the Complaint is not barred by the statute of limitations.

While Plaintiff's punctuation is difficult to understand, he does appear to allege in his Complaint and Amended Complaint that moving Defendants Campbell, McConnell, and the predecessors to Defendant Steele, have violated his right to refuse medical treatment. He clearly makes such allegations against the moving Defendants (and specifically Defendant Steele) in his verified Opposition. In that Opposition, Plaintiff essentially states that Defendants Woods, Campbell, McConnell and Steele acted at the direction of Defendant Alexander to restrict Plaintiff's privileges, disregarding "the established TDOC Policies." Docket No. 55, p. 3.

The undersigned has submitted a Report and Recommendation recommending that a

4

Motion for Summary Judgment filed by Defendant Dr. Paul Alexander be denied. That Report and Recommendation discusses written TDOC Policies that give inmates the right to refuse medical treatment, including therapeutic diets. In view of the fact that these Defendants apparently adhered to Dr. Alexander's restrictions and, in so doing, appear to have violated written Policies of TDOC, the Court cannot conclude that they are entitled a judgment as a matter of law.

For the foregoing reasons, the undersigned recommends that the instant Motion for Summary Judgment GRANTED IN PART (Docket No. 40) and DENIED IN PART. Specifically, the Motion should be GRANTED as to Plaintiff's claims against the moving Defendants concerning matters that occurred more than one year prior to the filing of the Complaint, such claims being barred by the statute of limitations. The Motion should, however, be DENIED in all further respects.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied,* 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge