UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TONY WOLFE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:11-cv-0751 |
| v. | ) |
| | ) Judge Sharp |
| PAUL ALEXANDER, *et al.*, | ) Magistrate Judge Knowles |
| | ) |
| Defendants. | ) |

# ORDER

*Pro se* Plaintiff Tony Wolfe filed a Complaint on August 5, 2011, against numerous defendants, including Clifford Woods, Julia Campbell, Tim McConnell, and Jewel Steele, wherein he sought relief under 42 U.S.C. § 1983 for violations of his constitutional rights purported to have occurred during his confinement at the Tennessee Department of Correction ("TDOC"). At all times relevant to the incidents referred to in the Complaint, Plaintiff was housed at the DeBerry Special Needs Facility. *See* (Docket Entry Nos. 1 and 11, Complaint and Amended Complaint).

Pending before the Court is *Defendants Woods, Campbell, McConnell, and Steele's Motion to Dismiss* (Docket Entry No. 40). "Pursuant to Fed. R. Civ. P. Rule 12(b)(1), Defendant Woods moved the Court to dismiss the complaint against him for lack of subject matter jurisdiction. Pursuant to Fed. R. Civ. P. Rule 12.(b)(6), Defendants Campbell, McConnell and Steele move the Court to dismiss the complaint against them for failure to state a claim for which relief may be granted." (*Id.* at 1). Plaintiff has filed a response in opposition to the motion. (Docket Entry No. 55).

Magistrate Judge Knowles entered a Report and Recommendation ("R & R") (Docket Entry No. 66) in this case on July 5, 2012, concluding,

> Plaintiff alleges actions by [Defendant] Woods that occurred more than three years ago. This claim is barred by the statute of limitations. Plaintiff, however, avers that the violation of his rights to refuse medical treatment has been ongoing and continuous. Thus, any such violation of § 1983 that may have occurred within the year preceding the filing of the Complaint is not barred by the statute of limitations.
>
> ***
>
> Plaintiff [also] essentially states that Defendants Woods, Campbell, McConnell and Steele acted at the direction of Defendant Alexander to restrict Plaintiff's privileges, disregarding "the established TDOC Policies." Docket No. 55, p. 3.
>
> The undersigned has submitted a Report and Recommendation recommending that a Motion for Summary Judgment filed by Dr. Paul Alexander be denied. That Report and Recommendation discussed written TDOC Policies that give inmates the right to refuse medical treatment, including therapeutic diets. In view of the fact that these Defendants apparently adhered to Dr. Alexander's restrictions and, in so doing, appear to have violated written Policies of TDOC, the Court cannot conclude that they are entitled a judgment as a matter of law.

(*Id.* at 4-5). Therefore, the Magistrate Judge recommended the following:

> [T]he instant Motion for Summary Judgment GRANTED IN PART [sic] (Docket No. 40) and DENIED IN PART. Specifically, the Motion should be GRANTED as to Plaintiff's claims against the moving Defendants concerning matters that occurred more than one year prior to the filing of the Complaint, such claims being barred by the statute of limitations. The Motion should, however, be DENIED in all further respects.

(*Id.*). The moving Defendants filed a timely objection to the R & R on July 17, 2012. (Docket Entry No. 69)[1], and Plaintiff a reply. (Docket Entry No. 71).

---

[1] Defendants do not object to the R & R insofar as the Magistrate Judge recommends dismissal of claims barred by the statute of limitations; however, they object to the denial based on Plaintiff's "failure to make allegations of personal involvement against them." (*Id.* at 1).

Having considered the matter *de novo* in accordance with Fed. R. Civ. P. 72(b), the Court agrees with the Magistrate Judge's recommended disposition.

Accordingly, the Court hereby rules as follows:

(1) The Report and Recommendation (Docket Entry No. 66) is hereby ACCEPTED and APPROVED and the objections thereto (Docket Entry No. 69) are hereby OVERRULED; and

(2) *Defendants Woods, Campbell, McConnell, and Steele's Motion to Dismiss* (Docket Entry No. 40) is hereby GRANTED in part and DENIED in part. The motion is GRANTED with respect to Plaintiff's claims against the moving Defendants regarding matters that occurred more than one year prior to filing the Complaint, such claims being barred by the statute of limitations. The motion is DENIED in all further respects.

This action is hereby returned to the Magistrate Judge for further pretrial management in accordance with Local Rule 16.01.

**It is SO ORDERED.**

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE