IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TONY WOLFE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:11-cv-00751 |
| | ) | Judge Sharp / Knowles |
| v. | ) | |
| | ) | |
| PAUL ALEXANDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is a Motion for Summary Judgment filed by Defendant Monique Parris-Taylor. Docket No. 98.[1] Defendant has contemporaneously filed a supporting Memorandum of Law (Docket No. 99), her Declaration (Docket No. 99-1), the Affidavit of Defendant Paul Alexander, M.D. (Docket No. 99-6), and a Statement of Undisputed Material Facts (Docket No. 100).

Plaintiff has not responded to Defendant's Motion or Statement of Undisputed Facts.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 USC 1983, alleging that Defendants violated his rights because they would not allow him to refuse his renal (dialysis) diet and instead receive a regular diet, and because he, as a dialysis patient, was prohibited from purchasing food from the commissary. Docket No. 1. Specifically, Plaintiff complains that, on September 8, 2008, commissary food times that he had purchased were confiscated, and that soon thereafter, a policy was instituted prohibiting dialysis patients from having commissary

---

[1] None of the other Defendants in this action is a party to the instant Motion.

1

food items. *Id.* Plaintiff complains that this prohibition is discriminatory, as it "singles out" dialysis patients. *Id.*

Defendant Monique Parris-Taylor filed the instant Motion and supporting materials arguing that she is entitled to summary judgment because there are no genuine issues of material fact with regard to her involvement in this case, and she is entitled to a judgment as a matter of law. Docket Nos. 99-100. Defendant is a registered dietician and a licensed dietician / nutritionist. Docket No. 99-1, Declaration of Monique Parris-Taylor ("Def. Decl.."), para. 2. She was the dietician at DeBerry Special Needs Facility ("DSNF") from February 2010 to November 2011. *Id.*, para. 3.

Plaintiff's sole allegation in his Complaint against Defendant Parris-Taylor is as follows:

> Upon (confiscations) [of his commissary food items] there was a "Memo" sent out stating that no (dialysis patient) can't buy, have or purcash [sic] commissary food items nor can we sign-off the (moderified [sic] diet) as (dialysis patients) per Dr. Paul Alexander M.D. Monique Taylor R.D. ...

Docket No. 1 (parenthesis original).

Plaintiff reiterates this sole allegation against Defendant Parris-Taylor in his Amended Complaint. Docket No. 11.

Plaintiff has also submitted a letter dated January 10, 2011, in which he conclusorily states that Defendant "continued to neglect [his] medical needs." Attachment to Docket No. 1. Plaintiff does not elaborate on this allegation or provide any detail with regard to how or when Defendant, as a clinical dietian, may have neglected his medical needs.

As an initial matter, Plaintiff's failure to respond either to Defendant's Motion or Statement of Undisputed Facts means that the facts contained therein are deemed admitted and

2

undisputed for summary judgment purposes. *See* Fed. R. Civ. P. 56; Local Rule 56.

With regard to Plaintiff's allegation against the instant Defendant, Plaintiff indicates that the policy at issue was implemented in 2008 (*See* Docket Nos. 1, 11), but Defendant Parris-Taylor did not begin working at DSNF until 2010 (Def. Decl., para. 3). Because it is undisputed that Defendant Parris-Taylor was not working at DSNF at the time the policy at issue was created and implemented, and the memorandum that prohibited dialysis patients from buying food in the commissary was in place when she began working at DSNF (*id.*, para. 4), she cannot be held responsible for an alleged constitutional violation from its creation and implementation.

Additionally, the decision not to allow prisoners to reject medical diets was made and implemented before Defendant began working at DSNF (*id.*, para. 5), and Defendant did not have the authority to overrule a physician's determination regarding a patient's diet (*id.*, para. 8). As a clinical dietician, Defendant's job included meeting with the dialysis staff and patients to discuss labs, diet, menu, and the vital role that proper diet played in the effective treatment of dialysis patients. *Id.*, para. 6. Defendant agreed with the physician's medical decision that the prescribed diet was necessary for the patient's treatment. *Id.*, para. 8. Because the policy prohibiting prisoners from rejecting medical diets was also in place before she began working at DSNF, and because Defendant lacked the authority to override a physician's determination regarding a patient's diet, she likewise cannot be held liable for Plaintiff's inability to refuse his renal (dialysis) diet.

For the reasons discussed above, there are no genuine issues of material fact concerning Plaintiff's sole allegation against Defendant Parris-Taylor, and Defendant is entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendant Parris-

Taylor's Motion for Summary Judgment (Docket No. 98) be GRANTED, and that she be TERMINATED as a party to this action.[2]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                                           E. CLIFTON KNOWLES
                                                                           United States Magistrate Judge

---

[2] Plaintiff's claims against the remaining Defendants should proceed.